UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO. ET AL.,

                             Plaintiffs,

-v-

LINDEN ORTHOPAEDIC P.C.,

                             Defendant.

23 Civ. 8678 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves a discovery dispute. By letter motion, defendant Linden Orthopaedic P.C. ("Linden") moves to quash a third-party subpoena, Dkt. 31, Ex. A (the "Subpoena"), served upon TD Bank by plaintiffs State Farm Mutual Automobile Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, and State Farm Fire and Casualty Company (together, "State Farm"). In this litigation, State Farm is suing Linden. It seeks, *inter alia*, a declaratory judgment that Linden's reimbursement claims for medical services rendered to State Farm's insureds are non-compensable under New York law. The subpoena at issue seeks Linden's bank records. State Farm contends that the subpoenaed records will help establish that – or whether – Linden billed for unnecessary healthcare treatments. For the reasons that follow, the Court sustains the subpoena, subject to the scope limitations to which State Farm has agreed in its opposition letter.[1]

---

[1] In that letter, State Farm "agree[d] to limit the scope of the [Subpoena] to one (1) year from January 1, 2021 to January 1, 2022," while reserving its right to seek additional financial records should they become necessary. Dkt. 35 ("Pl. Letter") at 3.

1

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena on a non-party for the production of documents. *See* Fed. R. Civ. P. 45(a)(1). The Court must quash or modify a subpoena that subjects the recipient to an undue burden or requires the disclosure of privileged information. *See* Fed. R. Civ. P. 45(d)(3)(A). To survive a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Alex & Ani, Inc. v. MOA Int'l Corp.*, No. 10 Civ. 4590 (KMW), 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011). However, "[t]he movant bears the burden of persuasion." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590 (LTS) (HBP), 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013).

In general, a party does not have standing to "challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC*, 2013 WL 57892, at *5. However, courts have recognized exceptions for parties who have a personal privacy right or privilege in the subpoenaed documents. *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018). Financial information of a commercial entity is not a type that courts typically recognize as protectible under the personal privacy exception. *See Hughes*, 327 F.R.D. at 57 (examples of personal privacy right include "psychiatric and mental health records, claims of attorney-client privilege, and other privacy interests, including those relating to salary information and personnel records.").

Here, State Farm seeks production of "[s]ignature cards and all records referencing individuals who may withdraw money on [Linden's] account," and "[s]tatements and checks" for the period covering January 1, 2021 through September 21, 2024. Subpoena at 2. Linden does not claim that these documents are privileged, and Linden lacks standing to challenge the third-party subpoena based on relevance or undue burden.

In any event, even if Linden had standing, the Court would deny the motion to quash. Linden contends that the records that have been subpoenaed are irrelevant to this litigation because, in seeking a declaratory judgment that Linden's claims are not compensable, State Farm is relying on Linden's alleged failure to comply with State Farm's verification demands. Dkt. 31 ("D. Letter") at 2. That argument is unpersuasive. "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). State Farm's verification demands cannot be artificially separated from the purpose for those demands: to enable it to determine whether, as it has claimed, Linden's billing practices were improper so as to make its bills non-compensable under state law. Linden's financial records would have a clear capacity to shed light on whether its bills were proper, whether there is a legitimate basis for Linden not to comply with the verification demands, or whether, as State Farm suggests, Linden has not complied because it appreciates that its bills were improper. Pl. Letter at 1–2. Linden's financial records are apt to bear on whether State Farm had a legitimate basis to seek verification of Linden's claims. These records are relevant to the claims and defenses in this litigation.

To the extent that Linden remains concerned about confidentiality, the parties are at liberty to submit a proposed protective order, permitting them to designate particular records as meriting heightened protection.

3

## CONCLUSION

For the reasons discussed above, the Court denies Linden's motion to quash the subpoena, subject to the modifications to which State Farm has agreed. The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 31 and 35.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 4, 2024
       New York, New York